1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ANDREW WARREN, | CASE NO. 05CV2095-LAB (NLS) |
| 12                              Plaintiff, | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| 13        vs. | |
| 14  WILLIAM B. KOLENDER, Sheriff; CAPT. DENNIS RUNYEN, Chief, San Diego County Detention Services; CAPT. | |
| 15  CAMPBELL (CJ); LT. SCOTT (CJ); LT. ELIVEN (CJ); SGT. P. LACHAPPELL | |
| 16  (CJ); SGT. LEWIS (CJ); SGT. GLOVER, Classification; DEP. MCCRACKEN (CJ); | |
| 17  CAPT. J. INGRASSIA (GBDF); LT. EVENS (GBDF); SGT. BREWER | |
| 18  (GBDF); SGT. COYNE (CGDF); CORP. DICKERSON (GBDF); DEP. BARRERA | |
| 19  (GBDF); DEP. SOBJAW (GBDF); DEP. BORDEN (GBDF); LT. WILLIAM | |
| 20  KEMERY (IAD); SAN DIEGO COUNTY BOARD OF SUPERVISORS, | |
| 21  JOHN/JANE DOES 20-50, | |
| 22                              Defendants. | |

23        Plaintiff is a sexually violent predator ("SVP") currently in custody at Coalinga State

24  Hospital, and is proceeding *pro se.*  On August 10, 2006, Plaintiff moved for a preliminary

25  injunction forbidding Defendants from "transporting or housing [him] until final adjudication

26  of the issues in this case." (Motion at 2.)  Plaintiff further asks the Court to order that, when

27  he is in San Diego County, he be housed in a San Diego County Department of Mental

28  Health secure facility. (*Id.*)  Plaintiff is concerned that if he is required to return to San Diego

- 1 -

1  County for civil commitment proceedings, he may be housed in the San Diego County Jail,

2  where he believes he may be subject to retaliation and where he alleges he will not be able

3  to receive the mental health care he needs, as provided under California law.   (*Id.*)

4         Defendants filed their opposition on September 12, 2006, including a declaration

5  regarding County practices for housing SVPs.  Plaintiff did not reply to their opposition.

6  **I.  DISCUSSION**

7         Two alternate tests are used to determine whether preliminary injunctive relief is

8  appropriate.

9         Under the traditional test, a plaintiff must show: (1) a strong likelihood of
        success on the merits, (2) the possibility of irreparable injury to plaintiff if
10       preliminary relief is not granted, (3) a balance of hardships favoring the
        plaintiff, and (4) advancement of the public interest (in certain cases).  The
11       alternative test requires that a plaintiff demonstrate *either* a combination of
        probable success on the merits and the possibility of irreparable injury *or* that
12       serious questions are raised and the balance of hardships tips sharply in his
        favor.  These two formulations represent two points on a sliding scale in
13       which the required degree of irreparable harm increases as the probability of
        success decreases.  They are not separate tests but rather outer reaches of
14       a single continuum.

15  *Ranchers Cattleman Action Legal Fund United Stockgrowers of America v. U.S. Dept. of*

16  *Agriculture*, 415 F.3d 1078, 1092–93 (9th Cir. 2005) (internal citations and quotation marks

17  omitted).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should

18  not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."

19  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citations omitted).

20         As an initial matter, the Court notes that Plaintiff's complaint lacks factual specifics.

21  Plaintiff does not state when he might be sent to San Diego County for a civil commitment

22  hearing.  Although Plaintiff contends he may be subject to retaliation, possibly in connection

23  with his status as a SVP, he does not explain why the usual security precautions in place at

24  the San Diego County Jail would be inadequate.  Plaintiff also does not explain the nature

25  of the care and treatment he needs that he believes he would be denied if he were sent to

26  the San Diego County Jail.

27         Applying the traditional test, the Court finds that Plaintiff's generalized motion does

28  not demonstrate a strong likelihood of success on the merits.  He speculates that he will

05CV2095

1    suffer irreparable injury if the injunction is denied, but does not demonstrate that this is a real

2    possibility.  The Court also finds that while Plaintiff might face hardships if he were sent to

3    the San Diego County Jail, he has not shown that he would.  Defendants' declaration shows

4    that, as a sexually violent predator, Plaintiff would be housed at the George Bailey Detention

5    Facility, where he would benefit from protection and medical care.  Granting the preliminary

6    injunction would clearly create practical difficulties for the County of San Diego.  The final

7    prong of the traditional test, the public interest, does not favor granting the injunction, which

8    would benefit only Plaintiff.

9    Applying the alternative test using the same analysis of the probability of success on

10    the merits, the possibility of irreparable harm, and the balance of hardships, the Court

11    reaches the same conclusion.  The possibility that Plaintiff will be sent to the George Bailey

12    Detention Facility does not raise serious questions in the Court's mind.

13    **II. CONCLUSION**

14    For these reasons, the Court holds that Plaintiff has not met his burden of persuasion.

15    Plaintiff's motion for a preliminary injunction is therefore **DENIED**.

16    DATED:  November 2, 2006

17

18    **HONORABLE LARRY ALAN BURNS**
United States District Judge

19

20

21

22

23

24

25

26

27

28