# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WARREN,<br><br>                               Plaintiff,<br>vs.<br><br>WILLIAM B. KOLENDER, Sheriff; CAPT. DENNIS RUNYEN, Chief, San Diego County Detention Services; CAPT. CAMPBELL (CJ); LT. SCOTT (CJ); LT. ELIVEN (CJ); SGT. P. LACHAPPELL (CJ); SGT. LEWIS (CJ); SGT. GLOVER, Classificaion; DEP. MCCRACKEN (CJ); CAPT. J. INGRASSIA (GBDF); LT. EVENS (GBDF); SGT. BREWER (GBDF); SGT. COYNE (CGDF); CORP. DICKERSON (GBDF); DEP. BARRERA (GBDF); DEP. SOBJAW (GBDF); DEP. BORDEN (GBDF); LT. WILLIAM KEMERY (IAD); SAN DIEGO COUNTY BOARD OF SUPERVISORS, JOHN/JANE DOES 20-50,<br><br>                               Defendants. | CASE NO. 05CV2095-LAB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Dkt. Nos. 16 and 41] |

      On November 9, 2005, Plaintiff, proceeding *in pro per* and *in forma pauperis*, first filed his complaint in this matter. On March 21, 2006, Plaintiff filed his amended complaint ("FAC"), which is the operative complaint. Plaintiff is a sexually violent predator currently in custody at Coalinga State Hospital. He brought his complaint under 42 U.S.C. § 1983, alleging as a civil detainee, he was improperly housed in the San Diego County Jail under conditions that were penal in nature, in violation of his due process rights.

1    On July 25, 2006, Defendant San Diego County Board of Supervisors (the "Board") filed a motion to dismiss Plaintiff's claims against it (the "Motion"). Plaintiff opposed the Motion, and Defendant Board filed its reply. This motion was referred to Magistrate Judge Nita Stormes for report and recommendation.

   On September 14, 2006, Judge Stormes issued her report and recommendation (the "R&R"), recommending that the FAC be dismissed with leave to amend. Plaintiff filed several objections to the R&R, to which Defendant Board replied.

   Plaintiff also filed a request for status update on January 11, 2007, requesting in particular a copy of the docket sheet in this action.

**I.    Legal Standards**

   The district court has jurisdiction to review the magistrate judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia*, 238 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

   Allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *in pro per* in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, the Court will not assume that Plaintiff can prove facts he has not alleged, or that Defendant has violated his rights in ways that have not been

///

alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A complaint, or portion thereof, should only be dismissed under Rule 12(b)(6) for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The Court accepts as true all of the facts alleged in the complaint and construes those facts in the light most favorable to Plaintiff. *McGary v. City of Portland*, 386 F.3d 1259, 1260 n.1 (9th Cir. 2004). The court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005) (citation and internal quotation marks omitted).

## II. Plaintiff's Objections to the R&R

Although Plaintiff initially expresses his intention to "address and oppose each and every point in the [R&R]," (Obj. to R&R at 1:22), the body of his objections specify that he has no objection to most of the R&R and only means to oppose certain parts or aspects of the R&R. Plaintiff makes only three specific objections. First, he objects that he "was never served with a copy of the Defendant's Reply to the Opposition to the Motion to Dismiss . . . ." (*Id.* at 1:3–5.) Second, he objects that the Court has already ruled that the FAC stated a claim. (*Id.* at 1:18–26.) As part of this objection, Plaintiff concludes the fact that the Court permitted his FAC to be filed constitutes the Court's holding that the FAC met the Rule 12(b)(6) standard. (*Id.*) Finally, Plaintiff contends he has adequately alleged the Board's liability under *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), for Defendant Kolender's actions. (*Id.* at 2:4–10:16.) This last objection is by far the most substantial. The Court will address each objection in turn.

### A. Objection: Plaintiff Was Not Served with Defendant Board's Reply

Plaintiff contends he was not served with the Board's Reply to his opposition to the Motion. Plaintiff argues this prevents him from seeking leave to submit a rebuttal, and denies him the opportunity to be fully heard. Along with Defendant Board's Reply to Plaintiff's opposition to the Motion, however, the Board filed a proof of service by first class mail. Plaintiff has not mentioned

this, or addressed the issue of why the Court should disregard the proof of service. The Court therefore concludes Plaintiff was served. Furthermore, the Reply is very brief — less than a full page — and merely reiterates and emphasizes arguments made earlier, which Plaintiff had an opportunity to address. Neither the R&R nor this order are based on arguments contained solely in the Reply. Thus, no rebuttal to the Reply would be necessary or appropriate.

Therefore, this objection is **OVERRULED**.

### B.   Objection: The Court Already Ruled That the FAC Stated a Claim

Plaintiff contends that because the Court previously ordered the FAC filed and served, the Court has effectively ruled on whether it states a claim. Plaintiff both misconstrues the nature of the Court's rulings and actions, and misperceives the duty of the Court under 28 U.S.C. § 1915(e) to dismiss nonmeritorious actions.

On May 30, 2006, the Court issued its order pursuant to § 1915(e)'s mandatory screening provisions. The Court *sua sponte* dismissed certain claims and Defendants, but held the FAC was sufficient to survive the mandatory screening. Because this screening was conducted *sua sponte*, the Court had no benefit of Defendant Board's briefing. Furthermore, because Defendant Board had no opportunity to play any role in the screening, denying the Board the opportunity to bring its Motion on the basis of estoppel or *res judicata* would be inequitable. *See, e.g.*, *United States v. Hickey*, 367 F.3d 888, 893 (9th Cir. 2004) (citing *Standefer v. United States*, 447 U.S. 10, 22, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980)) (holding that a "full and fair opportunity to litigate" is a prerequisite of estoppel).

Moreover, § 1915(e)(2)(B) specifically requires the Court to dismiss the case "at any time" if the Court determines that the action fails to state a claim on which relief may be granted. Therefore, if the FAC fails to state a claim, the Court must dismiss it, regardless of how such a deficiency comes to the Court's attention.

Therefore, this objection is **OVERRULED**.

### C.   Objection: Plaintiff Has Adequately Alleged *Monell* Liability

Plaintiff has devoted a good deal of space to briefing this objection. While the objection is lengthy and detailed, the greater part of Plaintiff's objection is devoted to citation to and discussion of background authority, and restatements of his objection in different terms.

Plaintiff brought his claim under 42 U.S.C. § 1983. Local governments, their agencies, and their supervisory personnel cannot be held liable under section 1983 on a theory of *respondeat superior*. *Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986) (citing *Monell*, 436 U.S. at 690–91). A local government agency may, however, be held liable when its policy is the "moving force of the constitutional violation . . . ." *Monell* at 694. To be liable under a *Monell* theory, a local government must, "through its *deliberate* conduct, [be the] 'moving force' behind the injury alleged." *Board of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). In other words, Plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Id.*

"[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (citation and internal quotation marks omitted). Here, Plaintiff has not alleged that the Board had an official policy, custom, or practice, but rather that the Board failed to adopt a policy as required under California law, and permitted Defendant Kolender to operate the San Diego County Jail in such a manner as to violate Plaintiff's rights. The R&R concluded under California law, however, it was Defendant Kolender, the San Diego County Sheriff, who was responsible for the operation of the San Diego County Jail. (R&R at 5:11–6:5.)

Plaintiff's objection relies chiefly on Cal. Govt. Code § 25303, which provides in pertinent part, "the board of supervisors shall supervise the official conduct of county officers . . . ." In his objections, Plaintiff points to the Board's budgetary and fiscal functions, suggesting that if the Board had allocated enough money for jail operations, the violations would not have occurred. (Obj. at 2:10–15.) This is not alleged in the FAC, however. (*See* FAC at 4.4 of 6, ¶ 19; 5.18 of 6, ¶ 19.)[1] Plaintiff repeatedly refers to the Board's inaction and failure to supervise Defendant Kolender, the Sheriff, as being the cause of harm. Although he uses different language, it is clear he is referring to

---

[1] Rather than paginating the FAC consecutively, Plaintiff has adopted this system of page numbering. For purposes of clarity, the Court refers to Plaintiff's page numbering for citation purposes.

the Board's failure to exercise its authority to supervise Defendant Kolender. (*See, e.g.*, Obj. at 3:26–4:7 ("failure to promulgate and implement policies"); 5:18–23 ("failed or refused to establish any policy at all"); FAC at 4.6 of 6, ¶ 19; 5.18 of 6, ¶ 19 (allegations against Board).)

To identify officials with relevant policymaking authority, the Court looks to state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Under California law, generally only the Sheriff is responsible for the operations of the jail, including the housing of prisoners. Cal. Pen. Code § 4015; Cal. Govt. Code § 26605 ("the sheriff shall take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it. . . ."). The Board's role includes providing financing and paying expenses incurred by the Sheriff in housing prisoners. Cal. Pen. Code § 4015; Cal. Govt. Code § 29602. Plaintiff cites Cal. Penal Code §§ 1610 and 4002 (Obj. at 5:18–23; 8:3–4), which relate to the housing of prisoners, but which do not identify the Board as being responsible for decisions relating to the housing of prisoners. Plaintiff thus cites no authority at all suggesting that the Board has policymaking authority with regard to actual housing conditions at the San Diego County Jail. *See Von Colln v. County of Ventura*, 189 F.R.D. 583, 601–02 (C.D.Cal. 1999) (holding that while under California law county board of supervisors maintained supervisory authority over sheriff's day-to-day operation of the county jail, it was the sheriff who was the "final policymaker" with regard to the jail operations). *See also Board of Supervisors v. Superior Court*, 33 Cal.App.4th 1724, 1740 (Cal.App.4 Dist. 1995) (distinguishing between the board of supervisors' power to appropriate county funds and the sheriff's power to manage the expenditure of the appropriated funds); *id.* at 1743 ("The Board has not been given direct authority over jail operations, such as day-to-day compliance with a population cap."); *Brandt v. Board of Supervisors*, 84 Cal.App.3d 598, 601 (Cal.App. 5 Dist. 1978) ("Except in rare instances, the board of supervisors has no direct authority over the jail. . . .")[2]

In addition to the statutes previously mentioned, Plaintiff cites several precedents in support of his argument that the board of supervisors is the final policymaker for the county jail, and supervises jail operations. (Obj. at 9:3–16, citing *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1190 (9th Cir. 2002); *Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001); *Sullivan v. County of Los*

---

[2] The "rare instances" identified by the *Brandt* court include the maintenance of a jail facility in another county and the establishment of a county department of corrections to operate the jail. 84 Cal.App.3d at 601 n.3.

*Angeles*, 12 Cal.3d 710, 717–19 (1974); *Beck v. County of Santa Clara*, 204 Cal.App.3d 789, 797 (Cal.App. 6 Dist.,1988).) The holdings in these opinions, however, deal primarily with other points of law, notably whether under California law sheriffs are county or state officers, and whether the county or the state is liable for torts committed in the course of operating the county jail — and not, as Plaintiff suggests, whether the sheriff or the board of supervisors the final policymaker or operates the county jail.

Apparently Plaintiff's confusion results from equating a county board of supervisors with the county itself. A brief review of case law suggests local government agencies such as county boards of supervisors are generally proper defendants only where they were the policymakers and their own policies allegedly give rise to harm, or where the plaintiff seeks injunctive relief requiring those agencies to act. *Compare*, *e.g.*, *Kolender v. San Diego County Civil Service Comm'n*, 132 Cal.App.4th 1150 (Cal.App. 4 Dist., 2005) (seeking injunctive relief against commission), *Brandt*, 84 Cal.App.3d 598 (seeking injunctive relief against board of supervisors), and *Karim-Panahi*, 839 F.2d 621 (alleging police department's own policy caused harm), *with Venegas*, 32 Cal.4th 820 (naming county as defendant where county policy set by sheriff allegedly caused harm) and *Cortez*, 294 F.3d 1186 (same). The relevant distinction is that, under California law, a county sheriff is the final policymaking official with regard to jail operations for the county; in these matters, the sheriff does not set the board of supervisors' policy, nor does the board of supervisors set county policy.

While the County of San Diego may be required to indemnify the Sheriff, Defendant Kolender, for actions he took on the County's behalf, *see Cortez*, 294 F.3d at 1190, it does not necessarily follow that the County's governing body, the Board, is a proper Defendant. The FAC and the briefing make clear Plaintiff intended to name the Board, not the County, as a Defendant in this action. The Court concludes that under California law, Defendant Kolender, as Sheriff, acted as final policymaker for the County, and that he, not the Board, had final policymaking authority to decide where in the jail, and under what conditions, to keep Plaintiff. *Id.* at 1189.

The R&R also concludes Plaintiff has not alleged a direct causal link between the Board's deliberate conduct and the harm to Plaintiff. Plaintiff at first contends it is the Board that actually promulgates policy for each jail. (Obj. at 2:15–21.) Plaintiff explains in further detail that in fact the

Board does not make the policies, but rather approves the policies proposed by the Sheriff. (*Id.* at 4:11–14 ("no policies can be implemented without their approval").) This conclusion does not accurately state California law. *Cortez*, 294 F.3d at 1190 ("As administrator of the jail, the Sheriff is responsible for developing and implementing policies pertaining to inmate housing.") (citing Cal. Code Regs. tit. 15, § 1050). The Court therefore concludes Plaintiff has not pleaded a causal link between the Board's actions and the harm to Plaintiff.

For these reasons, Plaintiff's objection is **OVERRULED**.

### III. Conclusion and Order

For these reasons, Plaintiff's objections to the R&R are **OVERRULED**. The Court hereby **ADOPTS** the R&R. Plaintiff's claims against the Board are therefore **DISMISSED**. If Plaintiff wishes to amend his complaint to cure the deficiencies identified in this order, he may do so by filing and serving an amended complaint no later than 21 calendar days following the file stamp date on this order.

The Clerk shall send Plaintiff a copy of the docket sheet in this action.

**IT IS SO ORDERED**.

DATED: March 12, 2007

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge